IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIVERSA HOLDING CORP. and ROBERT J. BOBACK, | ) ) ) |
| Plaintiffs, | ) ) ) Civil Action No. 13-1296 |
| v. | ) ) Judge Nora Barry Fischer |
| LABMD, INC. and MICHAEL J. DAUGHERTY, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Presently before the Court is the Motion to Disqualify Counsel (Docket No. 19) filed by LabMD, Inc. ("LabMD") and Michael J. Dougherty ("Dougherty") (*collectively*, "Defendants"), seeking disqualification of Reed Smith, L.L.P. ("Reed Smith") as counsel for Tiversa Holding Corp. and Robert J. Boback (*collectively*, "Plaintiffs") pursuant to Rule 1.18 of the Pennsylvania Rules of Professional Conduct ("PRPC"). For the following reasons, Plaintiff's Motion to Disqualify Counsel is DENIED.

**II. PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs and Defendants have been embroiled in litigation since October 2012 when Defendants filed a state law claim in Georgia against Plaintiffs for "trespass, conversion, violation of the Computer Fraud and Abuse Act and violation of a Georgia statute regarding computer crimes." (Docket No. 20 at 2). The case was eventually removed to the United States District Court for the Northern District of Georgia, where it was ultimately dismissed. (Docket

No. 20 at 3). On appeal, the dismissal for lack of personal jurisdiction was affirmed by the United States Court of Appeals for the Eleventh Circuit on February 5, 2013. (Docket No. 20 at 3.

While on appeal, however, Defendants considered filing suit against Plaintiffs in Pennsylvania – where Plaintiffs' business operations are located. (Docket Nos. 1 at 1; 20 at 3). Stephen Fusco, then general counsel of LabMD, contacted Reed Smith about sponsoring his admission to the United States District Court for the Western District of Pennsylvania. (Docket No. 20 at 3). George Stewart, managing partner at Reed Smith in Pittsburgh, Pennsylvania agreed to help Mr. Fusco. (Docket No. 20 at 3). Over the course of their communications regarding Mr. Fusco's admission, Mr. Fusco inquired as to whether Reed Smith might have the ability and/or desire to help Defendants with a potential future lawsuit against Plaintiffs in Pennsylvania's courts. (Docket No. 20 at 3). A meeting was arranged between Mr. Fusco, Mr. Daugherty, Mr. Stewart, Reed Smith Pittsburgh partner Thomas Allen, and Mark Melodia, head of Reed Smith's Global Data Security, Privacy & Management practice in Princeton, New Jersey, at the Edgeworth Club in Sewickley, Pennsylvania following Mr. Fusco's admission to the Western District on January 17, 2013. (Docket No. 20 at 3 – 4).

The exact subject matter of the conversation that ensued between Defendants and Reed Smith attorneys at the Edgeworth Club is debated. What is clear is that there was discussion about the litigation in the Georgia courts between Defendants and attorneys Stewart, Allen, and Melodia, and that Defendants were considering initiating an action in Pennsylvania. (Docket No. 20 at 4 – 5). Reed Smith also provided information regarding its capabilities in the legal fields relevant to the Defendants' litigation. (Docket No. 20 at 4 – 5). Following the meeting, Defendants had expected Reed Smith to send a proposal for representation of Defendants against

Plaintiffs, but such was never received. (Docket No. 20 at 5). Further, there were no substantive communications between Reed Smith and Defendants following the January 17, 2013 meeting. (Docket No. 20 at 5).

On September 5, 2013, Plaintiffs filed a Complaint (Docket No. 1) in this Court against Defendants. Plaintiffs are currently represented by Reed Smith attorneys Jarrod Shaw, Donna Doblick, and Lucas Liben. On November 12, 2013, Defendants filed a Motion to Dismiss and accompanying brief in support (Docket Nos. 16, 17), as well as the present Motion to Disqualify Counsel, Motion to Stay Pending Decision, and accompanying brief in support (Docket Nos. 19, 20). This Court granted Defendants' Motion to Stay on October 13, 2013. Plaintiffs filed a Response in Opposition (Docket No. 24) on November 27, 2013, Defendants filed a Reply (Docket No. 26) on December 4, 2013, and Plaintiffs filed a Sur-Reply (Docket No. 28) on December 10, 2013. Additionally, Plaintiffs filed a Motion for Leave to File Documents Under Seal (Docket No. 27) on December 10, 2013. The motion was granted by the Court, and documents were filed under seal on December 11, 2013. (Docket No. 29). The matter is now fully briefed and ripe for disposition.

## III. STANDARD OF REVIEW

"The district court's power to disqualify attorneys derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *Wise v. Washington County*, 2013 WL 5674460 at *3 (W.D. Pa. Oct. 17, 2013) (quoting *United States v. Miller*, 624 F. 2d 1198, 1201 (3d Cir. 1980)). Local Rule of Civil Procedure 83.3(A)(2) provides that the Court expects litigants in the Western District of Pennsylvania to adhere to the PRPC, including Rule 1.18. Nonetheless, a motion to disqualify counsel is an "extreme sanction" which is not granted lightly. *Id.* (citing *Reg'l Emp'rs' Assurance Leagues Voluntary Emps. Beneficiary Ass'n*

*Trust v. Castellano*, 2009 WL 1911671 at *2 (E.D. Pa. Jul. 1, 2009)). Imposition of such a "drastic measure" is only permitted when "absolutely necessary." *Id.* (citing *Martin v. Turner*, 2011 WL 717682 (E.D. Pa. Feb. 18, 2011)).

Deference is given to the choice of counsel made by the non-moving party because disqualification not only "robs one's adversary of her counsel of choice, but also because of the risk...one could subvert the ethical rules in an attempt to use them as a procedural weapon." *Wise*, 2013 WL 5674460 at *3 (quoting *Wolf, Block, Schorr & Solis-Cohen LLP v. Navon*, 2006 WL 680915 at *1 (E.D. Pa. Mar. 9, 2006)). A balancing test adopted by the United States Court of Appeals for the Third Circuit requires a district court to "weigh the value of using disqualification to enforce applicable disciplinary rules against the value of upholding policies such as 'permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions.'" *Id.* at *4 (quoting *Mumma v. Bobali Corp.*, 382 F. App'x 209, 210 (3d Cir. 2010)). Clear evidence must be provided by the moving party to establish that ongoing representation is impermissible. *Id.* (citing *Buschmeier v. G&G Investments, Inc.*, 2007 WL 4150408 at *5 (W.D. Pa. Nov. 19, 2007)). Conclusory statements of harmfulness without supporting evidence are insufficient to meet the moving party's burden. *Sershen v. Cholish*, 2009 WL 3332993 at *2 (M.D. Pa. Oct. 15, 2009) (citing *In re: Rite Aid Corp. Litig.*, 139 F. Supp. 2d 649, 656 (E.D. Pa. 2001)).

V. **DISCUSSION**

Defendants argue that Reed Smith, as a firm, should be disqualified from representation of Plaintiffs because matters discussed prior to, and during, the January 17, 2013 meeting at the Edgeworth Club involved the sharing of privileged information, knowledge of which by Plaintiffs' counsel allegedly places Defendants at an extreme disadvantage in the current dispute

4

before this Court. (Docket No. 20 at 6 – 19). As "prospective clients" under PRPC Rule 1.18, Defendants assert that they were entitled to the assurance that the information they shared would be maintained in confidence and not be used against them, that they should have been notified by Reed Smith of its representation of Plaintiffs, and that they should have been informed about the screening procedures used to prevent the sharing of privileged information between attorneys at Reed Smith. (*Id.*). These failures by Reed Smith allegedly merit disqualification. (*Id.*). The Court, however, is not persuaded. PRPC Rule 1.18 provides that:

> (a) A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.
>
> (b) Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information which may be significantly harmful to that person learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.
>
> (c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).
>
> (d) When a lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:
>
>> (1) both the affected client and the prospective client have given informed consent, or;
>>
>> (2) all of the following apply:
>>
>>> (i) the disqualified lawyer took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client;
>>>
>>> (ii) the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and

5

(iii) written notice is promptly given to the prospective client.

42 PA. CONS. STAT., PA. R. PROF'L CONDUCT NO. 1.18.

What Defendants have not provided to this Court is evidence demonstrating that purportedly privileged information exchanged during the January 17, 2013 meeting would be "significantly harmful" to Defendants if shared by Reed Smith attorneys or revealed during the prosecution of Plaintiffs' case. *See Sershen*, 2009 WL 3332993 at * 1 (this is a "prerequisite to disqualification under Rule 1.18"). Based upon Defendants' accounts, and the affidavits and other factual matter provided to the Court by Plaintiffs, it is clear that Defendants were seeking advice and possible representation in bringing claims against Plaintiffs in a Pennsylvania court – claims which failed in earlier litigation in Georgia. (Docket Nos. 19 – 20, 24 – 25, 26, 28 – 28-9, 29). Yet, no mention was made of being a potential *defendant* in litigation in Pennsylvania, or of Defendants' options if they were sued by Plaintiffs for defamation, slander *per se*, trade libel, violation of 15 U.S.C. § 1125(a) with respect to misrepresentations of services and commercial activities, commercial disparagement, tortious interference, intentional infliction of emotional distress, and injunctive relief (Docket No. 1) in a Pennsylvania court. (Docket Nos. 19 – 20, 24 – 25, 26, 28 – 28-9, 29). Defendants have adduced no evidence to demonstrate why Reed Smith's knowledge gained from the January 17, 2013 meeting would hinder a defense against the above claims.

Moreover, while Reed Smith's failure to note and address the potential conflict prior to being alerted by Defendants is troubling, Defendants have failed to provide evidence that Reed Smith's measures to isolate the attorneys involved in the January 17, 2013 meeting, and to protect allegedly privileged disclosed information, was insufficient to prevent prejudice to Defendants in the present matter. As stated in affidavits provided to this Court by Plaintiffs,

none of the attorneys present at the January 17, 2013 meeting had contact with the Reed Smith attorneys assigned to the present case about issues related to Defendants. (Docket Nos. 28-1 at 4; 28-2 at 3; 28-3 at 3 – 4; 28-6 at 1 – 3; 28-8 at 1). Attorneys Melodia, Allen, and Stewart also stated that they had no specific recollection of any facts learned about Defendants' strategies, finances, or prior litigation that had not been learned from publicly filed court documents and internet searches. (Docket Nos. 28-1 at 3; 28-2 at 1 – 2; 28-3 at 1). Further, there was no substantive discussion about the finer details of the Georgia litigation or LabMD's finances, other than a few initial comments about the Georgia litigation shared by Melodia, Allen, and Stewart. (Docket No. 28-1 at 3 – 5). No legal advice was provided by Reed Smith attorneys to Defendants during the January 17, 2013 meeting, only information regarding the attorneys' relevant expertise. (Docket Nos. 28-1 at 2 – 3; 28-2 at 2; 28-3 at 3). Nor were any documents shared by Defendants with Reed Smith attorneys. (Docket Nos. 28-2 at 3; 28-3 at 3). Following discovery of a potential conflict of interest, a wall was immediately put into place at Reed Smith to prevent access to, and sharing of, relevant files. (Docket Nos. 28-1 at 5; 28-2 at 3; 28-3 at 4; 28-6 at 3; 28-7; 28-8 at 1).

In return, Defendants have proffered nothing more than hollow conclusory allegations to bolster their claims that Reed Smith should be disqualified from representing Plaintiffs in the present case. This is clearly inadequate to meet Defendants' burden as the party moving for disqualification. *Sershen*, 2009 WL 3332993 at *2; *Jackson v. Rohm & Haas Co.*, 366 F. App'x 342, 347 (3d Cir. 2010). The evidence before this Court demonstrates that as soon as alerted to the existence of the conflict, Reed Smith implemented a wall, and the attorneys who met with Defendants in January 2013 never communicated with the attorneys currently representing Plaintiffs about any matters relevant to this case. Other courts have declined to disqualify

specific lawyers who represented parties with interests adverse to those of former potential clients when the specific lawyers had forgotten the substance of their discussions. *DOCA Co. v. Westinghouse Electric Co., L.L.C.,* 2012 WL 5877580 at *2 (W.D. Pa. Nov. 20, 2012). Here, the attorneys representing Plaintiffs never even met with, and had no knowledge of the details of prior meetings with, Defendants. Given the information provided to this Court by Plaintiffs, and not provided by Defendants, the Court is not convinced that the Reed Smith attorneys representing Plaintiffs are in possession of – or have the ability to access – material which is significantly harmful to Defendants in the present case. *See EEOC v. Hora, Inc.*, 239 F. App'x 728, 731 (3d Cir. 2007) ("draconian measure of disqualification" is not warranted in the absence of sufficient evidence of severe prejudice). The Court is, therefore, compelled to deny Defendants' Motion to Disqualify Counsel.

## VI. ORDER OF COURT

AND NOW, this 20th day of December, 2013, in accordance with the foregoing Memorandum Opinion,

IT IS HEREBY ORDERED that Defendants' Motion to Disqualify Counsel (Docket No. 19) is DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.