# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIVERSA HOLDING CORP. and<br>ROBERT J. BOBACK,<br><br>    Plaintiffs,<br><br>    v.<br><br>LABMD, INC. and MICHAEL J.<br>DAUGHERTY,<br><br>    Defendants. | Civ. Action No. 13-1296<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court is a Motion for Reconsideration or, in the Alternative, Motion for Rule 41(d) Fees filed by Defendants LabMD, Inc. and Michael J. Daughtery, (Docket No. 85), and Brief in Support (Docket No. 86), wherein Defendants challenge this Court's November 4, 2014 Order granting Plaintiffs Tiversa Holding Corp. and Robert J. Boback's Motion to Dismiss Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiffs filed a Response in Opposition thereto. (Docket No. 87). Thereafter, Defendants countered by seeking leave of Court to file a Reply Brief, attaching said Reply Brief to their Motion, (Docket No. 88), which Plaintiffs also contest, (Docket No. 89). After careful consideration of the parties' arguments and for the following reasons, Defendants' Motion for Leave to File Reply Brief [88] is granted such that Defendants' Reply Brief will be considered by the Court; however, Defendants' Motion for Reconsideration [85] is denied.

Because the Court writes primarily for the parties and has addressed this matter extensively in prior decisions, (Docket Nos. 30, 52), its analysis focuses on the facts relevant to the resolution of the present motion for reconsideration. This case is essentially a defamation action, with Plaintiffs contending that Defendants made certain libelous and slanderous

1

statements about their internet security business and allegedly utilized untoward methods to obtain a file from LabMD containing private medical and personal information of its blood lab clients, (the "1718 File"). (Docket No. 62). Tiversa provided the 1718 File to the Federal Trade Commission ("FTC") which led to an investigation of Defendants for potential violations of privacy laws and is part of an ongoing trial before an Administrative Law Judge in Atlanta. (Docket No. 62). Defendants maintain that the 1718 File was inadvertently shared via the unauthorized use of LimeWire on a work computer by a former employee and that Tiversa improperly accessed the file through the file sharing network. (*Id.*). Among other things, Defendants have raised as an affirmative defense the substantial truth of the statements that were made, supporting this theory with the expected testimony of one of Tiversa's former employees, Richard Wallace, that the 1718 File was not found on the Internet as Tiversa told the FTC. (*Id.*). Wallace has now been granted immunity by the Attorney General to provide testimony during the ongoing proceedings before the FTC. (*See* Docket No. 88-1). A related Congressional investigation into Tiversa's activities has also commenced, although the status of the progression of that matter is unclear at present. (Docket No. 86-1).

On November 4, 2014, the Court granted Plaintiffs' Motion to Dismiss upon a showing that Plaintiffs sought to add Wallace, a Pennsylvania resident, and another non-resident entity, Cause of Action Institute, as defendants and to assert related claims, including a civil conspiracy claim against Wallace, Cause of Action Institute and the present Defendants. (Docket No. 84). In short, Plaintiffs allege that Wallace has fabricated his story about how Tiversa located the 1718 File upon the insistence of Defendants and the Cause of Action Institute. (Docket No. 83-2). Hence, they are now pursuing the civil conspiracy and other claims against these defendants and have initiated a separate, consolidated action which also contains the original defamation

2

claims in the Court of Common Pleas of Allegheny County. (*Id.*). Plaintiffs asserted that they took these actions simply because the joinder of Wallace destroys diversity of the parties such that jurisdiction over this case by this Federal District Court is no longer proper under 28 U.S.C. § 1332 and the Court granted their motion, dismissing this case, without prejudice. (Docket No. 84).

With that background, the Court turns to the present motion for reconsideration. "Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly '[b]ecause federal courts have a strong interest in finality of judgments.'" *Jacobs v. Bayha*, 2011 WL 1044638, at *2 (W.D. Pa. Mar.18, 2011) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F .Supp. 938, 943 (E.D. Pa. 1995)) (emphasis added). "Because of the interest in finality, at least at the district court level ... the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992)). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The moving party bears a heavy burden to demonstrate that an order should be reconsidered and the Court will only grant such a motion if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

In support of their Motion, Defendants do not cite any intervening change in the

controlling law since the entry of the Court's Order. (Docket Nos. 85, 86, 88). Instead, they rely on alleged errors by the Court in failing to consider the prejudice they allegedly sustained by the dismissal and refiling of such action in state court and purported new evidence demonstrating that Wallace has now been granted immunity over the objections of Tiversa in the administrative action. (Docket Nos. 85, 86, 88). Plaintiffs oppose reconsideration on both bases. (Docket Nos. 87, 89).

Having fully considered these matters, the Court finds that Defendants have failed to meet their heavy burden to demonstrate that reconsideration of the voluntary dismissal Order is warranted based on the alleged prejudice they have sustained. Pursuant to Rule 41(a)(2), after an answer is filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "[T]he decision to allow voluntary dismissal is left to the sound discretion of the district court," and "'Rule 41 motions should be allowed unless the defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" *Hayden v. Westfield*, -- F. App'x ---, 2014 WL 4637987, at *6 (3d Cir. Sept. 18, 2014) (quoting *In re Paoli R.R. Yard P.C.B. Litig.*, 916 F.2d 829, 863 (3d Cir. 1990)). "Chief among the factors to consider in determining whether a defendant will suffer prejudice are the extent to which litigation has progressed and the extent to which the defendant will be exposed to new litigation in another forum." *Id.* (citing *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974)).

In this Court's estimation, the prejudice asserted by Defendants resulting from the voluntary dismissal is overstated and does not suffice to demonstrate that voluntary dismissal by Plaintiffs should be denied. *See id.* To this end, this litigation has not progressed to a point where Defendants will be subject to new litigation of the claims before this Court in the Court of

4

Common Pleas of Allegheny County; rather, such claims are merely being transferred to a more appropriate forum after the joinder of related claims against a non-diverse defendant, Wallace.[1] *See Docket Report Civ. A. No. 13-1296.* Given that no deadlines were set for amendment of pleadings/joinder of parties in this case, the Court also believes that Plaintiffs' application for same is timely and would be appropriate in this case but for the shared Pennsylvania residency of Plaintiffs and prospective defendant Wallace in light of the permissive standards governing such motions under Rules 15(a)(2) and 20(a)(2) of the Federal Rules of Civil Procedure. *See e.g., Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 121 (W.D. Pa. 2010) (Rule 15(a)(2) controls timely motions to amend and join); Fed. R. Civ. P. 15(a)(2) ("leave to amend should be freely granted when justice so requires."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (joinder of parties is "strongly encouraged,"); FED. R. CIV. P. 20(a)(2) (if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action.").

Here, it is evident that joinder would be permissible because the defamation and civil conspiracy claims and the defenses raised in opposition thereto all relate to the same core and hotly disputed facts surrounding how Tiversa obtained the 1718 File. Plaintiffs contend that Tiversa found the file on the Internet; Defendants counter that Tiversa employees wrongly

---

[1] The Court notes that the instant case has been effectively stayed pending the outcomes of the related administrative action and Congressional investigation and the parties' continuing disputes as to the need for and scope of discovery in this action. (Docket Nos. 77, 78, 81-82). The parties have exchanged Rule 26(a)(1) disclosures and other materials generated during those cases but have not participated in any additional discovery, such as written discovery or depositions, given that discovery has been effectively stayed while the parties were referred to ADR for an early neutral evaluation session. In support of their request for reconsideration, Defendants cite the facts that they anticipate filing a motion for summary judgment and/or a motion for sanctions against Plaintiffs, (Docket Nos. 86, 88), but neither motion has been filed as a summary judgment order was not entered by the Court due to the stay and Defendants apparently served their Rule 11 motion on Plaintiffs in April of 2014 but took no further action in pursuit of sanctions after the 21 day safe harbor period expired in May of 2014. Accordingly, there were no pending matters before this Court when the case was dismissed and summary judgment and/or sanctions can be pursued in state court by Defendants if they deem it appropriate. Likewise, the parties are free to participate in ADR before their chosen neutral during the state court litigation.

obtained it by accessing LabMD's internal network; and Plaintiffs believe that former Tiversa employee Wallace has changed his story about how the 1718 File was located at the behest of Defendants and the Cause of Action Institute. (Docket Nos. 85-89). All of these facts are central to the determination of whether the statements made by Daughtery about Tiversa in his book, his blog, during television and radio interviews and otherwise are defamatory or not. The fact that Wallace is expected to testify in the administrative action under a grant of immunity does not change the existence of these core factual disputes and his testimony, whatever it is, will be relied upon and/or contested by the present parties in both this case and the civil conspiracy case. Hence, reconsideration is not warranted based on the alleged new evidence of Wallace being granted immunity subsequent to the Court's Order. *See Wilder v. DMR Consulting Group, Inc.*, 345 F. App'x 735, n.1 (3d Cir. 2009) (to warrant reconsideration, newly discovered evidence must be material to the case and probably change the outcome of the proceedings). Nevertheless, given all of these disputes, it is the concerted judgment of this Court that a single tribunal should adjudicate all of these interrelated claims and the type of piecemeal litigation that would ensue should this action continue, as pled and answered, with a separate case in state court involving these newly added claims, would run counter to the dictates of Rule 1 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 1 ("These rules … should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Accordingly, it remains this Court's determination that Plaintiffs' voluntary dismissal of this action is appropriate and Defendants' motion for reconsideration is denied.

As a final matter, Defendants alternatively seek an award of costs pursuant to Rule 41(d) of the Federal Rules of Civil Procedure due to the alleged prejudice that they have sustained by the filing of the second lawsuit in state court. (Docket Nos. 85, 86, 88). Once again, Plaintiffs

oppose this request, arguing that an award of costs is not authorized under Rule 41(d) and that the Court should exercise its discretion to deny such relief. (Docket Nos. 87, 89).

Rule 41(d) provides, in pertinent part, that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action." FED. R. CIV. P. 41(d). It appears that there is no clear guidance from the Third Circuit as to whether costs can be awarded under Rule 41(d) when the second proceeding is initiated in a separate tribunal, (i.e., state court), and the costs are pursued in the initial federal court action. District Court cases are split on this issue. *See e.g.*, *Ross v. Infinity Ins. Co.*, No. CIV.A. 12-5050, 2013 WL 2495114, at *2 (E.D. Pa. June 10, 2013), *appeal dismissed*, (3d Cir. Mar. 21, 2014) (costs awarded); *Collier v. Nat'l Penn Bank*, 2013 WL 7157976 (E.D. Pa. Apr. 1, 2013) (denying costs). However, the split in authority need not be resolved in this case because, assuming that the award of costs is authorized under Rule 41(d), the Court would exercise its discretion to deny the request for costs based on all of the facts and circumstances of the voluntary dismissal by Plaintiffs.

"Federal Rule of Civil Procedure 41(d) is intended to prevent vexatious litigation, forum shopping, and attempts to gain tactical advantage by dismissing and refiling the suit." *Ross*, 2013 WL 2495114, at *2 (citing *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000)). As the Court has already explained, it appears that the voluntarily dismissal in this case was not made for any tactical reason, aside from the desire of Plaintiffs to pursue related claims against a non-diverse defendant which this Court lacks jurisdiction to hear. *See Hayden*, 2014 WL 4637987, at *4, n.5 (quoting 28 U.S.C. § 1367(b)) ("§ 1367(b) precludes district courts from exercising supplemental jurisdiction over 'claims by plaintiffs against persons made parties

7

under Rule [ …] 20, [ …] of the Federal Rules of Civil Procedure ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.'"). Again, but for the residence of prospective defendant Wallace, this Court would have permitted the amendment and joinder and ordered Defendants to answer the newly filed pleading. *See e.g.,* FED. R. CIV. P. 15(a)(2), 20(a)(2). Therefore, no additional costs should be incurred by Defendants having to respond to the newly added claims in state court. Further, the request for costs is wholly unsupported by any evidence of costs allegedly incurred by Defendants. (*See* Docket Nos. 85, 86, 88). Accordingly, the request for costs under Rule 41(d) is likewise denied.

For these reasons,

IT IS HEREBY ORDERED that Defendants' Motion for Leave to File Reply Brief [88] is granted; and,

IT IS FURTHER ORDERED that Defendants' Motion for Reconsideration [85] is denied

    *s/Nora Barry Fischer*
    Nora Barry Fischer
    U.S. District Judge

Date: December 1, 2014

cc/ecf: All counsel of record.